UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL GARCEAU,<br><br>                 Plaintiff,<br><br>    v.<br><br>WASHINGTON CORRECTIONS CENTER,<br><br>                 Defendants. | Case No. C18-5636 RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **June 7, 2019** |

This matter has been referred to the undersigned Magistrate Judge pursuant to *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976), 28 U.S.C. § 636(b)(1)(B), and Local Rule MJR 4(a)(4), and is before the Court on defendant Dean Mason's motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6). Dkt. 16. Plaintiff is proceeding *pro se* and *in forma pauperis*. For the reasons set forth below, the undersigned recommends the Court grant defendant's motion.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Michael Garceau has been committed to the custody of the Washington Department of Corrections (Department) since June 7, 2016 and has been housed at the Washington Corrections Center (WCC) in Shelton, Washington. Dkt. 1-1, at 3. Plaintiff alleges that he is disabled with multiple health issues: asthma, emphysema, chronic bronchitis, COPD, 4 stents in his heart, high blood pressure, high cholesterol, herniated discs in his lower back,

REPORT AND RECOMMENDATION - 1

degenerative disc disease in his spine and neck, arthritis, neuropathy, acid reflux, prostate issues and problems with his knees and feet. *Id.*

Plaintiff states that his heart and lung conditions necessitate regular exercise, but, due to the lack of bathroom facilities in the exercise yard, his prostate condition prevents him from exercising outside. *Id.* He indicates that if he goes to the yard, he would need to relieve himself within 15 minutes, which either would either cause him to experience great pain or to soil himself. *Id*. He states that, as a result, he has been unable to attend yard throughout the period of his incarceration. He alleges that the deprivation has caused him a great deal of discomfort and pain, a serious degeneration in his health and quality of life, to the point that he alleges the lack of exercise has caused him to gain weight and contract type 2 diabetes. Dkt. 9, at 3. He further alleges the lack of facilities in the yard has caused inmates to urinate on the yard, causing a serious health hazard. Dkt. 1-1, at 3.

The Court previously found that plaintiff had failed to assert an equal protection claim under the Fourteenth Amendment. Dkt. 8, at 6. However, the Court found that if plaintiff would amend his original complaint to identify a proper individual defendant, not the Department, his claims might constitute a sufficiently seriously deprivation justifying relief under the Eighth Amendment. *Id.*, at 7-8. Plaintiff amended his complaint, naming Dean Mason, Assistant Supervisor of the Department as defendant, and the Court directed service of his claim. Dkt. 9; Dkt. 10.

Defendant Mason filed a motion to dismiss the complaint for failure to state a claim. Dkt. 13. Mr. Garceau did not file a response brief.

REPORT AND RECOMMENDATION - 2

**DISCUSSION**

A.    Standard of Review

A motion to dismiss can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Although the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint must be interpreted liberally. *Sause v. Bauer*, — U.S. —, 138 S.Ct. 2561, 2563 (2018). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A *pro se* complaint may be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017).

In ruling on a Rule 12(b)(6) motion, a court may consider documents that are attached to or incorporated by reference into the complaint without converting the motion to dismiss into a motion for summary judgment. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002).

B.     Failure to Respond to Motion

"Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Civil Rule (LCR) 7(b)(2). Before the Court grants a motion to dismiss on these grounds, it must "weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Both the public interest in expeditious resolution and the Court's need to manage its docket weigh in favor of dismissal here. The Court's resources are limited and are best spent on cases with a strong chance of resulting in relief. Plaintiff's failure to respond to the motion to dismiss suggests a lack of interest in pressing his case and a lack of belief in its merits. Further, there is no risk of prejudice to the defendant in granting his motion to dismiss. No less drastic sanction than dismissal appears to be available. Thus, although the public policy favoring disposal of cases on their merits weighs in favor of reaching the merits of this case, the other four factors strongly favor dismissal under LCR 7(b)(2).

Although the Court construes pleadings liberally in favor of pro se litigants, those litigants are still bound by the rules of procedure. *Ghazali*, 46 F.3d at 54. Because the factors in

REPORT AND RECOMMENDATION - 4

*Ghazali* weigh in favor of dismissal under LCR 7(b)(2) based on plaintiff's failure to respond to the motions to dismiss, the Court should dismiss plaintiff's claims against defendant.

In addition, as discussed below, the Court should also find that the motion to dismiss succeeds on its merits.

C.    Plaintiff's Claims of Deprivation of Outdoor Exercise and Sanitation

Plaintiff filed his lawsuit under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

"The United States Constitution does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). "The applicable legal standard in the context of confinement conditions is the 'deliberate indifference' standard." *Id.*, 303. First, Plaintiff must "objectively show that he was deprived of something 'sufficiently serious,'" and second, he must "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir.2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Prison officials must provide inmates with adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). A lack of outside exercise for extended periods may be a sufficiently serious deprivation for Eighth Amendment purposes. *See LeMaire*

*v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993). A lack of basic sanitation or hygienic toilets that is "severe or prolonged" may also constitute an Eighth Amendment violation. *Anderson v. County of Kern*, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995). "The circumstances, nature, and duration of a deprivation" determine whether a violation has occurred, for transient or otherwise reasonable conditions may be uncomfortable, but not unconstitutional. *Johnson*, 217 F.3d at 731.

Liberally construing plaintiff's complaint, plaintiff alleges that the defendants have unconstitutionally subjected him to either the deprivation of outdoor exercise or proper sanitation. Plaintiff's allegations are deficient, however, because plaintiff has failed to indicate that he has been subject to a sufficiently serious deprivation under the purview of the Eighth Amendment. Furthermore, plaintiff's exhibits undermine the claim that any deprivation occurred with deliberate indifference, given the circumstances, nature, and duration of the conditions plaintiff describes.

Plaintiff's allegations stop short of claiming that the defendant or anyone with authority at WCC has prevented him from using the outdoor exercise facilities. Plaintiff alleges that he has been unable to exercise since his incarceration in June 2016, due to his prostate condition and a lack of toilet facilities in the yard. Dkt. 7, at 3.  He alleges that his already-poor health has consequently deteriorated, causing him to contract Type 2 diabetes. Dkt. 9, at 3. Though plaintiff alleges that his prostate condition requires him to be able to relieve himself in shorter periods than he would be locked in the exercise yard, plaintiff does not allege that any official has acted to forbid or otherwise impede plaintiff's use of the yard. He only indicates that prison officials have refused to allocate funds or materials toward building toilet facilities. Dkt. 7, at 3. These

REPORT AND RECOMMENDATION - 6

facts would not show that the defendants had denied plaintiff access to either outdoor exercise or exercise in general.

Instead, plaintiff's grievance records indicate that, on the second grievance level, Defendant Mason offered plaintiff to sign up for sick call and receive incontinence briefs to accommodate his condition. Dkt. 7, at 6. Plaintiff has offered no facts as to the insufficiency of his medical care or the inadequacy of this accommodation. Plaintiff appears to have opted out of accepting the incontinence briefs. The bare fact of the offer, however, negates the idea that defendants acted with deliberate indifference to plaintiff's needs, even assuming that the failure to build toilets in the yard would constitute an objective violation of the Eighth Amendment.

Nor does plaintiff allege facts that would show that defendants Mason or the WCC have imposed sanitation conditions that violate the Eighth Amendment. Although plaintiff alleges that inmates may choose to soil the walls while they are out in the yard, the facts do not indicate that inmates are regularly outside for more than an hour. Such "relatively brief amounts of time…spent in the prison yard preclude [plaintiff] from stating Eighth Amendment claims for minor deprivations." *See Johnson v. Lewis*, 217 F.3d at 732 ("…we have no doubt that toilets can be unavailable for some period of time without violating the Eighth Amendment…"). Again, plaintiff's exhibits include the offered accommodation of incontinence briefs, which counters plaintiff's claim that he was denied adequate sanitation, or that defendants acted with deliberate indifference to his needs. Dkt.7, at 6; Dkt. 9, at 6.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court GRANT defendant's motion to dismiss (Dkt. 16) plaintiff's complaint.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **June 7, 2019**, as noted in the caption.

Dated this 21st day of May, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8